## McGee vs. Humphreys.

The rule that this Court will not set aside the verdict of a jury upon the weight of evidence, as laid down in *Pleasants vs. Heard,* 15 *Ark.* 403; *Russell us. Cady surv., ib.* 541, etc., approved.

*Appeal from Pope Circuit Court.*

The Hon. J. J. Clendenin, Circuit Judge.

Thomas Johnson for the appellant.

Williams & Williams for the appellee.

Mr. Justice Hanly delivered the opinion of the Court.

This was an action on the case, brought by the appellant against the appellee, in the Pope Circuit Court, for the value of a mare, alleged to have been killed by a stallion of the appellee.

At the return term of the writ the appellee appeared by attorney, and interposed the plea of the general issue in short by consent, upon which issue was taken by the appellant.

At the same term the cause was submitted to a jury upon this issue, and a verdict rendered for the appellee, upon which judgment was pronounced against the appellant for costs, etc.

No question of law appears to have been reserved at the trial.   After final judgment was rendered by the Court in pursuance of the verdict, the appellant, by his attorney, interposed his motion in writing for a new trial, assigning as ground " that the verdict was contrary to law and evidence, and unwarranted by the facts in the case."

This motion was considered and overruled by the Court, for

which the apellant excepted, setting out in his bill all the testimony introduced at the trial. We do not consider it necessary to a decision of this cause, that we should state the testimony introduced. Several witnesses deposed on each side, and from the evidence preserved in the bill of exceptions taken to the opinion of the Court overruling appellant's motion for a new trial, it appears pretty equally balanced in respect to the responsibility of the appellee for the acts of his horse, under the circumstances shown.

McGee appealed, upon which the cause is now depending in this Court.

It is the peculiar province of the jury to pass upon the weight or preponderance of testimony, and the credit to be given to witnesses who testify in causes before them, and this Court will not presume to interfere with the exercise of that right except in extreme cases, such, for instance, as where there is a total want of evidence to sustain any material allegation in the declaration, or where the amount of the damages, upon all the facts of the case, shocks one's sense of justice, or where there is a total want of evidence to sustain the verdict as a whole. See *Pleasants vs. Heard*, 15 *Ark. R.* 403· *Russell vs. Cady surv.*, same 541, and the uniform current of the adjudications of this Court on the same subject.

The case before us not falling within the rule laid down, the judgment of the Court below will be affirmed.

Absent, Hon. C. C. Scott.